<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CENTRUM FINANCIAL SERVICES, INC., | Hon. Stanley R. Chesler, U.S.D.J. |
| Plaintiff, | Civil Action No. 09-3300 |
| v. | |
| CHICAGO TITLE INSURANCE COMPANY and HORIZON TITLE AGENCY, INC., | **OPINION** |
| Defendants. | |

<u>**CHESLER, District Judge**</u>

This matter comes before this Court on the motion to dismiss the Complaint for failure to state a claim upon which relief can be granted, pursuant to FED. R. CIV. P. 12(b)(6), by Defendant Chicago Title Insurance Company ("CTIC"). For the reasons set forth below, CTIC's motion to dismiss is granted in part and denied in part.

## <u>BACKGROUND</u>

This case arises out of a dispute over a title insurance policy. The Complaint makes very complex factual allegations which need not be covered here in detail. To provide background to this motion, it is sufficient to state the following. Plaintiff Centrum Financial Services, Inc. ("Centrum") loaned purchaser SWJ $15 million to purchase certain property. Centrum required SWJ to procure title insurance to benefit Centrum, as lender. SWJ hired CTIC and Defendant

1

Horizon Title Agency, Inc., as agent of CTIC, to fulfill this requirement.  CTIC issued a $15 million title insurance policy to Centrum.  SWJ's title to the purchased properties is now unmarketable, related to problems that CTIC had discovered, but failed to disclose to Centrum, prior to issuance of the policy.  Centrum has filed a claim under the policy.  CTIC has neither denied the claim nor paid it.

In 1999, litigation related to the properties at issue commenced in the Superior Court of New Jersey (the "Superior Court Litigation").  In 2007, an interpleader action (the "Interpleader Action") was begun in the Superior Court of New Jersey concerning escrow funds from the property purchase transaction.

On July 6, 2009, Centrum filed the Complaint in this Court.  On September 22, 2009, CTIC filed the instant motion to dismiss the Complaint for failure to state a claim.

## ANALYSIS

### I.  Governing Legal Standards

#### A.   Standard for a Rule 12(b)(6) Motion to Dismiss

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  A Rule 12(b)(6) motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).  "The defendant bears the burden of showing that no claim has been presented." Hedges v.

United States, 404 F.3d 744, 750 (3d Cir. 2005).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 127 S. Ct. at 1964 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. at 1964-65 (internal citations omitted); see also FED. R. CIV. P. 8(a)(2). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965 (internal citations omitted).

Factual allegations must be well-pleaded to give rise to an entitlement to relief:

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

In reviewing a motion to dismiss, pursuant to Rule 12(b)(6), a court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, and matters of public record. Pittsburgh v. W. Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998); see also 5B Charles Alan Wright & Arthur R. Miller, Federal Practice &

Procedure: Civil 3d § 1357 (3d ed. 2007).  "Plaintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them."  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

The Supreme Court has characterized dismissal with prejudice as a "harsh remedy."  New York v. Hill, 528 U.S. 110, 118 (2000).  Dismissal of a count in a complaint with prejudice is appropriate if amendment would be inequitable or futile.  Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).  "When a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile."  Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

## II.    Defendant's 12(b)(6) motion to dismiss

### A.    Dismissal pursuant to the entire controversy doctrine, or abstention

Defendant first argues that the Complaint must be dismissed pursuant to New Jersey's entire controversy doctrine, based on the fact that the Interpleader Action is an active case in the Superior Court of New Jersey.  Defendant contends that the entire controversy doctrine requires a single controversy to be decided in a single action in a single court.  In response, Plaintiff correctly argues that Defendant has misunderstood the doctrine.  Plaintiff cites the Third Circuit's holding in Rycoline Prods. v. C & W Unlimited, 109 F.3d 883, 886 (3d Cir. 1997): "application of the Entire Controversy Doctrine [is] also an affirmative defense [which] does not defeat the subject matter jurisdiction of a federal court."  Furthermore, the Third Circuit quoted and adopted the following  holding from the New Jersey Appellate Division: "the entire controversy doctrine only precludes successive suits involving related claims.  It does not require

4

dismissal when multiple actions involving the same or related claims are pending simultaneously." Rycoline, 109 F.3d at 887 (quoting Kaselaan & D'Angelo Assocs., Inc. v. Soffian, 290 N.J. Super. 293, 299 (N.J. Super. Ct. App. Div. 1996)). This defeats Defendant's argument. Even if the present action and the Interpleader Action involve the same or related claims, the entire controversy doctrine does not preclude multiple simultaneous actions.

Defendant next argues that this Court should abstain from this case, pursuant to Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976), because a parallel state court matter is pending. This argument does not get off the ground. Actions are parallel when they involve an identity of parties and claims. IFC Interconsult, AG v. Safeguard Int'l Partners, LLC, 438 F.3d 298, 306 (3d Cir. 2006). Defendant has not shown that the present action and the Interpleader Action are truly parallel, and has thus not persuaded that Colorado River abstention is appropriate.

B.     Third count: declaratory judgment of liability under the title policy

Defendant next argues that the third count of the Complaint should be dismissed on several grounds. First, Defendant argues that Plaintiff cannot succeed on its claim because it assigned its rights in the mortgages. This is an argument seeking summary judgment, based on factual matters outside the Complaint. On a motion to dismiss, the Court accepts all well-pleaded factual allegations in the Complaint as true. An argument that relies on proof of facts outside the Complaint cannot succeed on a motion to dismiss.

Defendant next argues that the third count is premature, given its rights under the title insurance contract. This is persuasive. The parties do not dispute that this Court may look to the provisions of the title insurance policy, which is specifically referenced in the Complaint.

5

(Compl. ¶¶ 23-31.)  CTIC points to the limitation of liability provision, No. 8(b):

> In the event of any litigation, including litigation by [Chicago Title] or with [Chicago Title's] consent, [Chicago Title] shall have no liability for loss or damage until there has been a final determination by a court of competent jurisdiction, and disposition of all appeals therefrom, adverse to the title or to the lien of the insured mortgage, as insured.

(Def.'s Br. 13.)  In its opposition, Centrum does not challenge the relevance or validity of this provision, nor dispute that the Complaint alleges that such litigation is ongoing and has not yet reached a final determination.  Rather, Plaintiff argues only that it should not have to endure years of litigation.  In the face of a provision in a contract, alleged to be valid, which shows that Plaintiff agreed to do otherwise, this argument carries no weight.

Under the terms of the title policy, the issue of CTIC's liability under the policy, and thus the third count, is not ripe for decision until the underlying litigation has been concluded, and the third count will be dismissed without prejudice for lack of ripeness.

C.    Fourth count: breach of the duty of good faith and fair dealing

Defendant first contends that the fourth count must be dismissed based on the argument, already discussed and rejected, that Plaintiff assigned all its rights in its mortgages.  Next, Defendant argues that the fourth count fails to adequately allege a bad faith claim.

The fourth count appears to allege bad faith in two regards: 1) in CTIC's conducting a coverage investigation; and 2) in CTIC's refusing to communicate in a timely fashion the results of the coverage investigation.  In support of its position that the fourth count fails to state a valid claim, Defendant points to those New Jersey cases which recognize the obligation of an insured to cooperate with a coverage investigation.  This, however, misses the obvious point of the fourth count, which is that the coverage investigation was performed in bad faith and constitutes an

6

unreasonable delay in processing the claim.  The New Jersey Supreme Court has recognized a

cause of action for unreasonable delay in processing a valid claim.  <u>Pickett v. Lloyd's</u>, 131 N.J.

457, 474 (1993).  Plaintiff has pled sufficient facts to raise the right to relief for such a claim

above the speculative level.  <u>Twombly</u>, 127 S. Ct. at 1965.  As to the fourth count, the motion to

dismiss will be denied.

      D.    <u>First count: violation of the New Jersey Consumer Fraud Act ("NJCFA")</u>

Defendant contends that the first count must be dismissed for failure to state a valid claim

because a commercial hard money loan is not covered by the NJCFA.  Defendant persuasively

points to the New Jersey cases which hold that:

> It is the character of the transaction, not the identity of the purchaser, which
> determines whether the CFA is applicable. . . To qualify as a consumer transaction
> . . ., the challenged services generally must be of the type sold to the general
> public.

<u>Finderne Management Co., Inc. v. Barrett</u>, 402 N.J. Super. 546, 570 (N.J. Super. Ct. App.Div.

2008).  "Furthermore, the entire thrust of the Act is pointed to products and services sold to

consumers in the popular sense."  <u>Cetel v. Kirwan Fin. Group, Inc.</u>, 460 F.3d 494, 514 (3d Cir.

2006).  Plaintiff does not contend, nor could it reasonably, that title insurance is sold to the

general public, nor that title insurance is sold to consumers in the popular sense of that word.

Rather, while title insurance may be purchased as part of an ordinary consumer's home purchase,

the insurance purchase is done by an expert, typically a real estate attorney.  No one could

reasonably contend that an ordinary consumer has the expertise needed to purchase title

insurance, or that title insurance is marketed to ordinary consumers.

The facts alleged in the Complaint are similar to those in <u>Cetel</u>, which involved the sale

of a complex financial product "to a very specific class of investor."  Id. at 515.  The Third

Circuit found that these were "complex arrangements that do not reflect the kinds of goods or

services generally sold to the public," and, as such, did not come within the scope of NJCFA.  Id.

Similarly, in the instant case, the $15 million title insurance appears to have been a complex

product that does not reflect services generally sold to the public; as just discussed, ordinary

consumers do not directly purchase title insurance.  Plaintiff has no cause of action under the

NJCFA, and, as to the first count of the Complaint, the motion to dismiss will be granted.  The

first count of the Complaint will be dismissed with prejudice.

      E.    Second count: common law fraud

Defendant argues that the second count fails to state a valid claim for relief because the

alleged omissions and affirmative statements are not actionable.  Defendant begins by noting that

omissions must be supported by a duty to speak to be actionable.  Defendant contends that

neither CTIT nor its agent had any duty to disclose the allegedly omitted information to Plaintiff.

Defendant contends that New Jersey recognizes a duty to disclose in three situations:

> The first involves fiduciary relationships such as principal and agent or attorney
> and client.  The second embraces situations in which 'either one or each of the
> parties, in entering … [the] transaction, expressly reposes … a trust and
> confidence in the other … or [because of the] circumstances of the case, the nature
> of their dealings, or their position towards each other, such a trust and confidence
> … is necessarily implied.'  The third includes contracts or transactions which in
> their essential nature, are 'intrinsically fiduciary, and 'necessarily call[] for perfect
> good faith and full disclosure, without regard to any particular intention of the
> parties.'

United Jersey Bank v. Kensey, 306 N.J. Super. 540, 551 (N.J. Super. Ct. App.Div. 1997)

(citations omitted).  Defendant argues that the Complaint does not allege a relationship that

comes within any of these categories.  This Court is not ready to make that judgment at this early

stage of the case.  Construing the Complaint in the light most favorable to the Plaintiff, it is

entirely conceivable that, under the circumstances of the case, a trust and confidence would be

implied between the parties, thus creating a duty to disclose.  The motion to dismiss the second

count will be denied.[1]

       F.     <u>Fifth count: declaratory judgment</u>

Defendant contends that the fifth count, seeking a declaratory judgment that it is not

required to assert certain claims in the state court actions, should be dismissed because it does

not present an actual controversy, as required by the Declaratory Judgment Act.  This is entirely

correct: the fifth count seeks an advisory opinion about how Plaintiff should proceed in matters

under litigation in state court.  Such an opinion would bind no one.  Federal courts may not

render advisory opinions.  <u>Herb v. Pitcairn</u>, 324 U.S. 117, 126 (1945) ("We are not permitted to

render an advisory opinion.")  As to the fifth count, the motion to dismiss will be granted, and

the fifth count will be dismissed with prejudice.

---

[1] Defendant also argues that the second count should be dismissed because Plaintiff has
not alleged any recoverable damages, which is simply not true.

## <u>CONCLUSION</u>

For the reasons stated above, Defendant's motion to dismiss the Complaint, pursuant to

Fed. R. Civ. P. 12(b)(6), will be granted in part and denied in part.  As to the third count, the

motion to dismiss will be granted, and the third count will be dismissed without prejudice.  As to

the first and fifth counts, the motion to dismiss will be granted, and the first and fifth counts will

be dismissed with prejudice.  As to the remaining counts, the motion to dismiss will be denied.

   s/ Stanley R. Chesler
Stanley R. Chesler, U.S.D.J.

Dated: March 12, 2010